David Rildey, President and CEO and Chairman of Fitness   Twistin Chalk Fist Morning Good Morning, Your Honorse My name is Chris Landry, I'm pleased to represent Ports America here this morning on this appeal Relative to a decision and order issued by the OWC district director back on October 28, 2015 We truly believe that there are three main issues to discuss here this morning the first one probably the most important is whether or not Dr. Steiner, the claimant's choice of physician in this matter Effectively discharged the claimant and thus refused treatment on 7-2015 When he said you've reached MMI and you can attempt to return to work. Mr. Duong the district director took that 7-2015 report and we believe read a portion of it and Didn't read the entirety of the report and because of that abused his discretion in saying yes, you have effectively Discharged the claimant and refused treatment to him. We think just the opposite if you read Dr. Steiner's report of 7-2015. He says yes, you're an MMI Believe you can attempt to return to work, but more importantly he goes on to say I want to see you again in a month Well, but it's a practical matter. Here's the man standing. I'm in pain. I can't go back to work for 30 days I Fundamentally disagree when your own physician tells you go back to work. Anyway, don't come see me for 30 days as a practical matter They've come to an impasse. I mean But I don't know if they really did though Honestly, if you read that report, this is a discretionary call and then on behalf of the director and these are kind of close facts What kind of what kind of law? Ruling law ruling do you want from this court a bright line that a doctor can tell a patient? Over the patient's strong objections. You must return to hard labor. I don't think he said that What what what proposition of law do you want this court to lay down? I think that there's a case the slattery case out of the DC Circuit. I think is on all fours with this case I think the same thing happened there in the slattery case. It's decided at 725 that second 780 1984 Dr. Gordon told the claimant in that case. I'm releasing you from treatment. You can go back to work But he also said but I'm gonna remain available to you if you want to come back to see me You come back at any time. He said You can call back and come back at any time if you're having any trouble the claimant didn't do that in He said you're fine. Don't come back for 30 days and the man said I'm not fine So, I mean, I just have a hard time So what happened after that after 7 2015 Mr. Scott in this case went back to dr. Steiner in 30 days He went back on August 20th of 2015 and he complained of pain and what did dr. Steiner do at that point? I think that's where everybody missed the boat because nobody's talking about that. They say gosh you effectively discharged him But on August 20th, dr. Steiner says you're having continuing complaints I'm gonna do an MRI and and once we get the results of that MRI I'm gonna reassess the course of your future treatment. That is far from discharging him from treatment He saw he said I want to see you again in 30 days the claimant returned to him in 30 days He complained of pain continued to complain of pain. Dr. Steiner did an x-ray and he says I want to do some more diagnostic studies and Then come back and once I get the results of those studies, we'll assess where we go from there That's what the August 20 2015 report says. So I think it's a quantum leap to say he Effectively discharged him from treatment or to say, you know more specifically that he refused to treat him further And he didn't he clearly didn't refuse to treat him. I mean, I guess They signed he signed a form and they said look Hey You can have any doctor you want to you can either go to this doctor or whatever the doctor I know about my right to choose my own treating doctor and being advised I hereby accept and choose to continue treating with my employees doctor Or he treats him for a long time and then finally says I find that you are well in effect Is that and then you don't like that? So you you don't want to work anymore so you find another doctor another doctor says I Can't help you any further. He's refused to treat him So he goes to another doctor and finally finds a doctor who would say that you can never go back to work again I mean at some point whenever you sign a Statement that you'd know about your rights and you're choosing this doctor and that doctor comes to a Professionally accepted conclusion that you are able to go to work. It has to be accepted on its face It seems to me Otherwise, you just go on and on and on and anytime you don't like a doctor's opinion You can say well, he's refusing the treatment because he says I'm well And I think that's exactly what happened here. That's the problem that that the employer has in this instance You know, if you look at the timing he the first time he sees dr. Bob doctors at dr. Bostic's office He saw dr. Johnson first was on July 22nd, which was two days after Steiner says you can go back to work, but I'll see you again in a month And so he continues to treat and then sees dr. Bostic who says you're disabled And so just as just Java has pointed out, that's the problem here How when the claimant selects a doctor how many bites of the apple is he gonna get? I'll tell you what your problem what your problem is is our precedent Our precedent is specifically held that In different circumstances and perhaps you can distinguish those cases that when a doctor refuses Or when a doctor says you've meet reach maximum recovery. That is a refusal To treat him further. We've said that in these in these kind of cases the Fifth Circuit the Review Board has said it for a long time. We said it in cases at about Forty years old we said that before and the question I wanted to ask is whether this form here was in effect then Now this form where the employer where the the doctor says to the patient look if you want me to treat me You know, you have a right to go wherever you want to go You want me to treat you and he signs it the doctor is competent the guy who's competent to Give his opinions. He gives an official official accepted opinion, and he said no, I don't like that I'm gonna go find a doctor who can tell me I'm sick But I don't know whether the form was there when these cases were decided I think the form is in place in this case. He signed it for you. You got to answer Rogers terminal for one case and another case I Judge I would suggest that the Rogers terminal case is inapplicable as is the Atlantic and Gulf Gulf cases sure those cases all dealt with situations where you have the employers choice of physician Treating and the change is made when the employers choice of physician says you can go back to work then in those circumstances In your MMI, then there's no further treatment and refused treatment. That's not what we have going on here. We have here Basically is is the claimant doctor shopping as you pointed out? We've got his doctor that he chose treating him and what we have is a change of position issue He said the doctor said you can go back to work I'll continue to treat you and continue to treat him thereafter, but he says I don't like that opinion I'm gonna go find a doctor who's gonna take me out of work and that's exactly what he did and the only Question is he can go to another doctor. He can go to all the doctors He wants to if he pays for it, right? But the employer discharges his life his liability to that patient for the medical treatment if he signs a form Said I'm willing to accept your doctor. The doctor gives Treats him and then finds According his own opinion That the man is ready to go back to work, which is not can't be challenged if it's within an acceptable medical opinion I mean doctors are disagree on everything just like lawyers But in this case, they claim it got to be an end to it But he wanted to change his choice of position to another choice and then had the district director That's the issue here's where you have to pay for exactly that's all is the employer meet his obligation to pay for his medical Treatment if he sends him to a competent doctor who renders a competent medically accepted opinion is your obligation to pay for further? Doctors on that particular that particular injury terminated We believe does it keep going and going and going and going and going and going And we believe it is especially when he signed a form, right? Which which leads me to the next issue because of what we believe an error in allowing the change it created What the district director believes to be a medical question, which then allowed him to to order? an impartial medical examination under section 70 of the act and Again ordering the employer to pay for that too And we believe that he was an error because at the time that happened and if you look at section 702 point four eight Implementing regulation of section 907 it says that medical questions may pertain to the appropriate diagnosis extent effect of appropriate treatment and the duration of any such care or treatment for an injury injury covered under the act and It is our proposition that at the point in time that he ordered this IME with dr. George Murphy. There really wasn't a medical question. You had dr. Steiner ordering and I an MRI You had the district director saying hey, dr. Bostic You haven't seen the previous MRI of July 16 of 15 You need to see that before you render an opinion and now we have a new MRI being ordered and dr. Bostic saying he needs this more an MRI as well So the doctors were really in agreement as to what the course of treatment was going to be particularly dr. Steiner saying let's look at it again after the MRI and we'll assess where we go from here So our position is there was no medical question. There was no medical dispute which gave rise to the need for an IME It was premature at best Well, I mean he was in you could change for fit as I understand section 7c that you can change You can change physicians If the previous physician was not a specialist and he needs a specialist, that's not true in this case But in all other cases The consent which is necessary Which is necessary The consent in this case came after he went to the doc second doctor, right? A Post-hoc decision and But in all other cases which would be this case he must show good cause For changing medical physicians the good cause here is that he didn't like the opinion that he got Now if that's what they're saying That's the good cause is that a good cause absolutely not to force the employer to continue to pay Absolutely not and that's our position, you know, how how far are we gonna let this go? So if you take it to its conclusion once dr. Bostic said you can go back to work What's he's gonna be entitled to say that I don't agree with that either and pick another doctor for good cause I just don't think how that's how the act should be interpreted and I think it was wrongfully interpreted in this case I just don't think you should have been allowed to change the government will help tell us both where we're wrong. I'm sure Good morning, your honors and may it please the court. My name is Jeff Briscoe. I represent the claimant. Mr Alexander Scott in this case We asked that this court affirmed the decision of the Benefits Review Board and find that the district director properly ordered a change of position and there's not 907 be the Longshore Act and Properly ordered an independent medical exam at the expense of the employer under 907 e of the Longshore Act How many MRIs is this patient had this? Three, right? Yeah, two of the hip and one of the backyard. Yeah, so I mean he said three MRIs What point I mean Does he I mean, does he keep going and keep going and keep going? I mean, I I mean I understand that it's something at some point I mean if you had another doctor's opinion that said that this doctor his opinion that said that he was Able to go to work is clearly in error because of this he missed this and this that that's good cause But it's a good cause that you didn't like the doctor's opinion In this case your honor the district director did find that the facts warned there was good cause or that it was desirable and necessary For a change of doctor. Yeah. Okay. What on what basis the district director cited the fact that dr Steiner had released. Mr. Scott to full-duty work and cited the fact that he had no further treatment for him He had no work restrictions and he only wanted to see him for a one-month follow-up visit And the one-month follow-up visit said I mean I'll check you out gave him another MRI, that's correct Those things are expensive. I mean like five thousand four thousand dollars Whatever the cost with all due respect to the court your honor I the MRIs that the employers are paying for less than five hundred dollars. The MRI also isn't necessarily medical treatment It's diagnostic testing. We're asking this court to defer to the factual determinations of the district director. It's part of a treatment I mean in other words if MRI indicates something needs to be done Then you got treated if you don't it's part of the treatment. That's correct And the follow-up office note isn't actually in the record However in the employers briefing to the district director at page 137 of the record the employer pointed out that when dr. Steiner eventually did review the MRI he determined that he didn't think mr Scott's back complaints were related to his work injury, and he didn't need any further treatment. Dr Repeating complaints of pain and limited range of motion. He had no further treatment. The district director reviewed that record in its entirety Did he also say that he was able to go back to work? What did he say about that? Dr. Steiner said that mr. Scott should attempt to return to work at full-duty status I'd like to point out the discrepancy between doctor. Did he do it? Did he even try to do it? He did not attempt to return to work. He didn't attempt to return to work for two reasons your honor first other doctors Were telling mr. Scott that he shouldn't try to return to work. Thank you. Is that in the record? There's there are two different doctors. Dr. Bostic and dr. Johnson another doctor in Boston Did they say he could not return to work? They put him on a no-work status and I'd like to point out the district director had all of these medical records reviewed those medical records and Determined that it was likely that dr. Steiner was not going to continue providing treatment and the district director is in a unique position in order to make it so The New doctor the new doctor say what was wrong with Yes, he did your honor. He saw two new doctors. He saw dr. Johnson in dr. Bostic's office. Dr. Johnson two days after dr. Steiner had evaluated mr. Scott and found dr. Steiner found that on 720 mr Scott had no lower back pain. He had normal range of motion normal gait and he had no need for further treatment two days later Mr. Scott sees. Dr. Johnson. Dr. Johnson reports hip and lower back pain limited range of motion and I'd point out then dr Johnson's note. He actually gives you the measurements that he used so, you know, he did the testing on 722. Dr Johnson also found that mr. Scott had an altered gait. So two days before dr Steiner says no lower back pain no limited range of motion and no altered gait two days later A doctor is saying he does have those symptoms Okay, what effect does make sure I guess I should ask the government about the effect that this Agreement to be treated by dr. Steiner has That's important your honor because in this our argument to the Department of Labor initially was that we weren't asking for a change of position We were asking for our first free choice position. Our position was that mr Scott was coercing the signing that agreement to treat with the employers. Dr. Dr. Steiner. He signed it everybody I mean he signed it and he didn't say that he was coerced to sign it until after he got the opinion of doctors Is that correct? That is correct, your honor and the district director repeats this and originally the Department of Labor agreed with our position that mr Scott had been coerced into signing that that form that the nurse case manager who works for the employer Went to mr Scott and told him the employer is not going to pay for any medical treatment unless you agree to treat with the employers doctor It was only on reconsideration requested by the employer that the district director overruled that original opinion and found that even if mr Scott had asked or had been coerced into signing the form he had actually asked the treatment by continuing to see dr Steiner for a period of approximately He read it Read the thing before he I guess we have to assume that and it says I know of my right to Read the form however faced with the prospect of either getting medical treatment or not getting medical treatment It doesn't say that the the employer is not going to pay for it. Does it the form? He signed didn't say that. No, you're on it. What's not an employee would have been required to pay for it. Would he not? He's like the second if he if he had declined the employers doctor The employee would have to pay for the doctor that he chose I suppose Not necessarily the employee litigate the case and refused to pay for medical treatment So mr Scott would retain no medical treatment until he was able to litigate the case to a successful result and get the Department of Labor or an administrative law judge to order the Employer to pay for that. So you're telling me that the practice is that if he doesn't sign that Set for him to have his stock the company doctor look at him then The employee at that point automatically shuts off any further compensation to him for his medical injuries That is oftentimes the practice and oftentimes. I mean is that I Can't say that's the practice with every employer However, that often is and is the case the employer has an incentive in having mr Scott treat the doctor it wants them to have mr Scott treated with sure and that's an evident in this case because dr. Steiner provided routinely Reported lower symptoms routinely under reported symptoms and routinely prescribed less medication and treatment for mr Scott compared to the other doctors Ultimately the independent medical examiner appointed by the Department of Labor agreed with dr. Boston that mr. Scott had lower back pain He had an altered gait that he needed additional medical treatments He deferred his opinion on work restrictions until they were able to obtain The independent medical examiner appointed by the Department of Labor So this was a neutral judge who had no affiliation to my office or to the employer's office On work restrictions until he was able to review the results of the MRI Ultimately that information isn't in the record beyond this case proceeded on appeal before Dr. Murphy was given the MRI and gave an opinion on work restrictions. But what's important is that? Dr. Murphy Differed greatly on the symptom descriptions and the need for treatment than dr. Steiner did the Independent medical exam resolved the issue or help resolve the issue before the district director Mr. Scott was discharged from physical therapy on June 8th. He saw dr. Steiner on July 20th of July 22nd. Mr. Scott saw a dr. Johnson a doctor in dr. Bostick's office. Dr. Johnson Indicated that he needed additional physical therapy. He saw a dr. Johnston again on August 19th again complaining of the same pains Importantly at this point, dr. Johnston ordered an MRI and Prescribed medication at that the next day. Mr. Scott saw dr. Steiner again for that one month follow-up on August 20th Dr. Steiner didn't mention any complaints of pain except for the lower back and And mentioned that the MRI might be appropriate. And again, he kept him with no Returning to full duty work and and prescribed no treatment for mr. Scott, but when he went to see dr. Steiner on the 20th Did he tell him about his visits? I Don't that's not in the record. I don't know your honor. I presume they discussed his previous medical treatment I don't think dr. Steiner was in the dark about that other treatment I Believe I don't know. I'm honestly not sure who ordered the MRI whether it was dr. Bostick or I mean, dr Steiner or dr. Johnson Steiner did say on August 20th that you need another MRI. He did ask for another MRI But again, our position is that even when he got that MRI, he still didn't have any additional treatment for mr Scott the district director knows dr. Steiner and he knows his reputation in the community as being a doctor And how he treats patients before the Longshore Act and we'd asked this court to defer the factual determination I mean, that's true. I probably don't doubt that they wouldn't go to him if he wasn't a doctor that But you're not going to take your client to somebody that's going to rule be conservative. I mean, it's Everybody defendants have their doctors plaintiffs have their doctors. We know that you know, I'm out of time I briefly addressed your comment Sure I'd ask that this court defer to the factual determination of the district director who sits in the best situation the best seat to determine When a doctor is effectively discharged treatment, but he's not sitting in an unbiased seat himself. I Respectfully disagree with that many of these cases That the long track specifically charges A lot of them we try to judge each one on their own on their own facts And we'll do our best effort to do that May I make one more comment in this case in particular the district director once worked for him the employment side of things So I think if he sits on either side of the aisle, he might sit on the importance Don't get me wrong. I'm not maligning him not maligning the agency the agency has this job to do It says the statutory job to do I understand all that that's perfectly respecting for it. All right And the first thing I'd like to address is The assertion by the Employers Council that there was no refusal to treat in this case The reason I want to address that is because they're singing a very different tune than they were singing before the district director In their brief to the different district director, which is in the hand paginated part of the record at 135 They say dr. Steiner also stated in July But no further accident related medical treatment was warranted and the only thing left was for a final follow-up in one month After the August Appointment with which was the follow-up appointment with dr. Steiner. Dr. Steiner opined that it was highly improbable The claims recent subjective lumbar complaints were related to the claimants January 30th work injury. That is the information that the employer gave to the district director When the district director made the decision that there was a refusal to treat now, they're saying well, you know There was there was an MRI out there and he didn't really say he's not gonna refuse to treat They said before the district director essentially there was a refusal to treat As to the good cause I'm sure they made the concession. I'm not arguing about that. But I mean just as a matter of Semantics if nothing else when you decide after Six weeks or how many ever weeks of treatment the doctor reaches a complete Respectable medical opinion that no further treatment is needed Is that a refusal? To provide medical service. I mean in the sense of the statute I think it is your honor if the claimant is still telling him. I can't walk for long. I can't drive So he goes to someone else what keeps this thing from just going on the district record And I want to point out your honor that until the dress district director approved the use of dr Bostic the employers not liable for any of the treatment that he got that mr Scott got up until the approval by business director because that's what the statute is liable for his own doctor Is that what up until the point that the district director actually said you can use dr Bostic, so if if he had refused to sign this form Right here. What would have been his next step? The form is not a longshore form. It is not a federal government form this was a form that he signed in the state workers compensation system and He said I was coerced into using dr. Steiner. The employer told me that they would not authorize treatment unless I use dr Steiner he says the employer told him that yes, and that's what the district in the record. It's in the record It's in the district director's decision And the employer has never denied that not to my knowledge Not only that is that a fact I mean that basically if If he had not accepted The treatment by the company doctor the the company would have paid for no further treatment That's what he was told Sophisticated enough to go. Well forget that I'm just gonna go Through another process and get this done. He was told I'm not going to get any treatment, but legally The employer would have been liable Required to give him for the treatment to pay for the next doctor the doctor he chose To pay for one doctor. You got to pay for one doctor Mr. Briscoe pointed out the claimant would have had to jump through hoops in order to get to the point where the district director Ordered that and what were those two hoops? Well, if the if the employer said we're not giving you any treatment right now Then the claimant would have had to do what he did here which was seek an informal conference with the claims examiner get the claims examiner to say I find that you're not authorizing treatment and Give him either a new doctor or force them to pay for that for dr. Steiner Okay, the other the other thing about that form your honor is that The the form actually identifies dr. Steiner as the employers doctor So dr. Steiner never stopped being the employer's doctor in this case. He also the district director also found that mr. Scott acquiesced to using dr. Steiner, but he was still the employer's doctor throughout this now Accept that but what to what significance is that? Well, the good cause standard and these are related the good cause standard only comes up if the employee if the employee Requests a change of position the employee when he the document that I asked you to supplement the record with is His initial letter to the claims examiner asking for an informal conference And what that letter says is I request that you that you force them to authorize treatment with dr. Boston It didn't say I request a change of position. He was not he did in his mind He was not requesting a change of position because he was forced to use dr. Steiner What he was requesting was his initial free choice to treat with dr. Boston now the claims examiner Obviously understood it that way because in the claims examiner's decision She says I find that you did not initially use your free choice on dr. Steiner and you are free to use dr Boston as your initial free choice the change of position Issue did not not come up until later when the employer requested reconsideration of the claims examiner's Well, look, I think you did use dr. Steiner, but on my own I'm also going to find that you had good cause or that you had That you you are entitled to change to dr. Boston because dr. Steiner refused you drink Well is is the is the? opinion of a doctor that in my medical opinion this patient I Can give him no further treatment that's going to assist his complaint Is that refusal to? Is that refusal to further treatment from your point under the case law? It is your honor and and that's why the district director is there I mean I understand that there is a worry that They claimants can go doctor shopping But that doesn't happen because the district director has to stop that if the statute said Any time a claimant asks for a new doctor the district director has to rubber stamp it Well, that would be a problem But what happens is that the claimant goes in and says either I want an initial free choice Or I want a new doctor and the district director holds an informal conference Gets information from both parties gets evidence from both parties and makes a determination Has has the director ever been sued by any? claimant for not approving an additional doctor Not that I'm aware of I mean does it am I from that? Can I draw the conclusion that you seldom ever deny? The right to change doctors to get it done. I don't think you can draw that conclusion I mean, I think if the district director looks at what's presented to him and says this is a marine unlingering claimant And I don't think you do need more treatment and I don't think it's in your interest We have no case where a claimant is ever sued More sued the original director for well, no, you are because that's not how the process works If somebody's not happy with what the district director does they appeal to the board, which is what happened in this case Even if the good cause standard did apply your honor and we believe that the interest of the employee standard applied because the claimant never Actually made a request for a change of position But a refusal to treat is by any reasonable definition Good cause to try to find a new doctor If I have a doctor who's supposed to be treating me and he says I have nothing further to offer you I think by any reasonable definition that is good cause I'll move on to the independent medical exam We believe that the district director also properly exercises discussion in ordering the independent medical exam all that's required under section 7e is that Medical questions are raised in any case And the The regulation says that includes questions about the appropriate treatment or the duration of the treatment, which is precisely what we have here Dr. Steiner said mr. Scott needed no further treatment at all and could return to work without restrictions Dr. Bostic said he needed continuing physical therapy. He needed medication He needed to walk with a crutch and he could not return to work So the questions raised were specifically about what treatment was required and for how long? Contrary to the employers argument neither the statute nor the regulations require that Require that the opposing opinion to be from doctors on opposing sides That's a big one Do he the the employers argument your honor is that the statute and the regulations require a dispute between doctors on opposing sides? and they're saying because Mr. Scott had acquiesced to dr. Steiner and he was effectively his doctor and dr. Bostic was also a doctor There's no dispute between opposing sides, but that's not what the statute other regulations require They require a medical question to be raised in the case that can happen even if it's to claimant's doctors if a guy has a spinal issue and he's seeing an orthopedist for that and He wants to go see a spinal surgeon and the employer authorizes that and he goes to see this final surgeon and Surgeons I want to do says you need surgery and his other doctor says I don't think you need surgery I don't think that's a good way to go. I think Conservative treatment is a way to go Well, then we have a medical question raised in the case, which is whether spinal surgery is required or not These are not opposing doctors. They're not opposing sides. It's just a medical question and that's all that statute requires Or to have any further questions for me Oh Counsel have argued that the district director Used the good cause standard in reaching his decision and we would submit that he did not Yeah, but I mean they make a strong that makes it they put the Decision in some perspective, I mean he's a company doctor and their suggestion is if he had not signed that consent form He would not have received any medical treatment we have a response to that absolutely dispute that there's no evidence of that whatsoever In this record other than the statements of counsel themselves in their brief. There's no record of that He was presented with the form by the nurse case manager at the time and as you pointed out He was free to sign that form. He read it. He signed it and more importantly he continued to treat with dr Steiner for six months actually seven eight months after that three through all sisters eight months of treatment after dr Steiner concluded they could do nothing further for him. No, no. No, I'm sorry. Talk totality He refused to go back to dr. Steiner after August and how long did dr. Steiner treated through August of 2015? So from his first visit was To 19 of 15 and his last visit was he actually saw him in again In I believe March of 2016. We sent him for a follow-up at that point, but So how many months how many months is that a little bit over a year over a year? Before the doctor said I can't do anything for you. I Don't think dr. Steiner ever said I can can't do anything for you Well, I think that he always left it open that if you need to come back you free to come back When did he say I've done when did he say effectively you're free to go to work now Well, he said that in the first time on July 20th, and he reiterated it on August 20th But again, I think you need to look at those reports and see what he said because I think that it's a misinterpretation I'm not equivalent about that what I'm I just want to know how long he had served How long he had Seen dr. Steiner before he terminated his relationship with dr. Stein He terminated his relationship once. Dr. Bostick was allowed Once he was allowed to change his number of months. That's all I'm asking the number of months. He was treated I would suggest treated by eight months by dr. Stein right till October 28. All right The opinion that dr. Steiner had Prior to the August Dr. Steiner never changed his opinion about the matter, right? In other words the last time the claimant went to dr. Steiner at the time He said okay come back to see me 30 days and you recited to us when he went back, etc I'm just asking in those visits. Dr. Steiner never changed the pain he had In July, right? I mean it's another way of saying was dr. Steiner's opinion regarding the claimant Consistent throughout each of those subsequent visits. I would suggest it was not and the reason I say that it wasn't certain a certain way He did say you should continue you. I believe you can continue to work. That was consistent What was it consistent was that in August? He said at this time, I do not have any further recommendations for further treatment of the lower back But I recommend an MRI of the lumbar spine This may give me some ideas to what sort of additional treatment to the lumbar back may or may not be required So he was never he go back to see him so dr. Steiner wasn't allowed to continue to treat him and give an opinion as to what The future course of treatment would be after that MRI because by that time the claimant was allowed to pick another doctor So he never went back. What kind of work was the claimant doing? Doing a lot of heavy lifting or Our suggestion is he was not he was a foreman out at the waterfront was called upon a time to manage and oversee So as a foreman is our position that it's his work wasn't as heavy as a general longshoreman who works on the other basis Oh, yes, sir, that's not an issue I I Don't think the doctor said I don't believe that that the doctor said you're not In any event, you know, it's kind of like, okay I says I'm still hurting doctor says you're not or in effect, you know, come back and see me Let me do an MRI in the meantime. He goes to Other people we got it Again and as reported in our brief, I don't believe the district director utilized the proper statutory and regulatory Sections of the act I think they're they're separate 907 c2 for good cause or 907 B for dissolvable necessary I think they're different and I think they're different for a reason the claimant requested the change of physician and he should have used 907 c2 not be Briefing in your clarification